UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**WESTERN PENNSYLVANIA ELECTRICAL**
**EMPLOYEES PENSION TRUST,**
         **Plaintiff,**

    v.                                                    Case No. 07-C-582

**PLEXUS CORP., et al.,**
         **Defendants.**

---

**ALAN M. OZELL TRUST,**
         **Plaintiff,**

    v.                                                  Case No. 07-C-600

**PLEXUS CORP., et al.,**
         **Defendants.**

---

**DECISION AND ORDER**

      Plaintiffs bring the above-captioned putative class actions, alleging that defendants violated federal securities laws. The parties agree that venue is proper in this judicial district. However, the clerk assigned the cases to the Milwaukee Division of the district, and defendants now ask me to transfer them to the Green Bay Division. Defendants rely on this court's 2005 local order <u>In re General Order Regarding Assignment of Cases to the United States District Judge Designated to Hold Court in Green Bay, Wisconsin</u>.

      The <u>General Order</u> creates no "substantive rights." (Id. § 3 ¶ 3.) However, I may transfer a matter to the Green Bay Division based on the convenience of the parties and witnesses and the interest of justice. <u>See</u> 28 U.S.C. § 1404(a). In determining whether

to do so, I consider both private and public interest factors.  Pacer Global Logistics, Inc. v Nat'l Passenger R.R. Corp., 272 F. Supp. 2d 784, 791 (E.D. Wis. 2003); see also Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 n.3 (7th Cir. 1986) (noting that the factors articulated in § 1404(a) are "placeholders" for a broader set of considerations).  Private interest factors include plaintiff's choice of forum, the situs of operative events, the convenience of parties and witnesses relative to their respective residences, and the parties' abilities to bear the expense of trial in a particular forum.  Pacer, 272 F. Supp. 2d at 791.  Public interest factors include considerations of judicial economy, the expeditious administration of justice, and the availability of compulsory process over possibly unwilling witnesses.  Id.  The burden is on the party requesting the transfer to show that the proposed forum is clearly more convenient than the current forum, and the ultimate decision "is committed to the sound discretion of the trial judge."  Coffey, 796 F.2d at 219-20.

      I find that defendants have not met their burden of justifying a transfer.  Relative to the private interest factors, defendants primarily argue that they reside in counties in the Green Bay Division.  However, the distance from Milwaukee to Green Bay is only 117 miles, and the counties in question fall in between the two cities.  Therefore, the difference in defendants' proximity to Green Bay as opposed to Milwaukee is insignificant.  Neither defendants nor any of their witnesses will be inconvenienced if the case is heard in Milwaukee.  Further, the named plaintiffs' principal places of business are outside Wisconsin.  Milwaukee would be a much more convenient destination for them and for out-of-state witnesses. Moreover, as Judge Griesbach recently stated, "the advent of modern motion practice and electronic filing makes it the rare day that civil litigants appear in court

2

personally. While these technological advances have not rendered § 1404 wholly obsolete, they certainly render transfer less likely when differences between competing intrastate venues are all but insignificant." Ecker v. Wis. Cent. Ltd., 2007 WL 2273871, *1 (E.D. Wis. Aug. 7, 2007). Further, the fact that the corporate defendant's headquarters is slightly closer to Green Bay than Milwaukee is not particularly significant in this type of case, which involves alleged securities fraud.

As to the public interest factors, Green Bay is not a more appropriate site in terms of judicial economy or the expeditious administration of justice. Courts in both divisions are familiar with the relevant law, and this court's docket is not more burdened than the court in Green Bay. Nor is there a problem with obtaining compulsory process in this Division.

Therefore, for the foregoing reasons,

**IT IS ORDERED** that defendants' motions to transfer are **DENIED**.

Dated at Milwaukee, Wisconsin this 26 day of October, 2007.

/s
LYNN ADELMAN
District Judge